THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERVCO PACIFIC INSURANCE, a
Washington company,

                    Plaintiff,

     v.

AXIS INSURANCE, an Illinois company,

                  Defendant.

CASE NO. C15-0563-JCC

ORDER ON CROSS MOTIONS FOR
SUMMARY JUDGMENT

       This matter comes before the Court on the parties' cross motions for summary judgment. (Dkt. Nos. 11, 16.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion and DENIES Defendant's motion for the reasons explained herein.

## I.    BACKGROUND

       The sole issue in this case is whether Plaintiff Servco Pacific Insurance ("Servco") is entitled to coverage under the hole-in-one insurance policy it purchased from Defendant Axis Insurance[1] ("Axis") for the value of a hole-in-one prize won by Gigi Jacobsen. The following facts are undisputed.

---

     [1] The insurance policy was issued by Axis's agent, ACECO Hole-In-One Insurance. (*See* Dkt. No. 17, Ex. 1 at 1; Dkt. No. 8 at 2.) For the sake of clarity, the Court refers to Axis and ACECO collectively as "Axis."

On September 8, 2014, the Everett Golf and Country Club ("Club") hosted the Lynwood Rotary Golf Tournament. (Dkt. No. 17, Ex. 1 at 1.) As a charitable donation to the Lynwood Rotary, Servco purchased an insurance policy ("Policy") covering four hole-in-one prizes that could be earned at the tournament. (Dkt. No. 17, Ex. 2 at 1; Dkt. No. 20, Ex. 1 at 4.) If a golfer made a hole-in-one at the designated "Target Hole," he or she would win a new Acura car valued at $30,000. (Dkt. No. 17, Ex. 2 at 1.) If a golfer made a hole-in-one at one of the designated "Bonus Holes," he or she would win an HDTV, a set of golf clubs, or an Apple iTouch and gift card. (Dkt. No. 17, Ex. 2 at 1.) Servco paid Axis a premium of $638. (Dkt. No. 17, Ex. 1 at 1.)

Regarding witnesses, the Policy states:

> The Insured shall provide responsible, non-playing adults (over the age of 18) as witnesses on the Target Hole at all times during the tournament. If the Prize Value is equal to or less than $25,000, only one (1) witness is required by this policy. If the Prize Value is greater than $25,000, two (2) witnesses are required by this policy.

(Dkt. No. 17, Ex. 2 at 4.)

Regarding the placement of tee blocks, the Policy states:

> The tournament tee blocks may be placed at the regular yardage marker as stated on the golf course scorecard or at yardages closer to or further from the Target Hole as requested at the time of application or policy request but the measurement from tee to pin cannot be less than that shown on the policy for Target and/or Bonus Holes.
>     . . .
> Neither Target Hole nor Bonus Hole yardages will be less than 130 yards for men and 110 yards for women.

(Dkt. No. 17, Ex. 2 at 3.)

Servco's application indicated that the Target Hole was Hole 15, with a minimum yardage of 150 yards for men and 140 yards for women. (Dkt. No. 17, Ex. 1 at 1.)

On the day of the tournament, participant Gigi Jacobsen made a hole-in-one on Hole 15. (Dkt. No. 17, Ex. 7.) Ms. Jacobsen reported that she "felt a little nervous, no practice swing, just went for it and it ended up in the hole – excitement ensued!" (Dkt. No. 17, Ex. 7.)

1    It was later discovered that the Club had mistakenly set the women's tee box at 112

2 yards. (Dkt. No. 17, Ex. 4.) In addition, due to a misunderstanding, only one witness was

3 designated at the Target Hole. (Dkt. No. 17, Ex. 4.) As a result, Axis denied Servco's claim

4 under the Policy. (Dkt. No. 12, Ex. 1 at 33-35.) Ms. Jacobsen did not receive her prize for

5 sinking the hole-in-one. (Dkt. No. 20, Ex. 1 at 22-23.)

6    Servco sued Axis, alleging three claims for relief: coverage; failure to follow procedures

7 for disputed claims; and unreasonable denial of claim for coverage or payment of benefits. (Dkt.

8 No. 1, Ex. 2 at 7-9.) Before the Court are the parties' cross-motions for summary judgment. (Dkt.

9 Nos. 11, 16.) The sole dispute is whether Servco is entitled to coverage under the Policy for the

10 value of the prize owed to Ms. Jacobsen.

11 **II.    DISCUSSION**

12    **A.    Summary Judgment Standard**

13    Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant

14 summary judgment if the movant shows that there is no genuine dispute as to any material fact

15 and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such

16 a determination, the Court must view the facts and justifiable inferences to be drawn there from

17 in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

18 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the

19 opposing party "must come forward with 'specific facts showing that there is a *genuine issue for*

20 *trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting

21 Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a

22 dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to

23 return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248-49. Conclusory, non-

24 specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."

25 *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Ultimately, summary

26 judgment is appropriate against a party who "fails to make a showing sufficient to establish the

1  existence of an element essential to that party's case, and on which that party will bear the

2  burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

3  **B.      Principles of Insurance Contract Interpretation**

4      This is a diversity action under 28 U.S.C. § 1332. Federal courts sitting in diversity apply

5  state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.,* 518

6  U.S. 415, 427 (1996).

7      "In Washington, insurance policies are construed as contracts." *Weyerhaeuser Co. v.*

8  *Commercial Union Ins. Co.,* 15 P.3d 115, 122 (Wash. 2000) (*internal citation omitted*). "The

9  courts liberally construe insurance policies to provide coverage wherever possible." *Bordeaux,*

10  *Inc. v. American Safety Ins. Co.*, 186 P.3d 1188, 1191 (Wash. Ct. App. 2008). "An insurance

11  policy is construed as a whole, with the policy being given a 'fair, reasonable, and sensible

12  construction as would be given to the contract by the average person purchasing insurance.'" *Id.*

13  (*internal citation omitted*). The court examines the policy to determine whether, under the plain

14  meaning of the contract, there is coverage. *Kitsap County v. Allstate Ins. Co.,* 964 P.2d 1173,

15  1178 (Wash. 1998).

16  **C.      Analysis**

17      Axis denied coverage based on two perceived failings by Servco. First, Ms. Jacobsen

18  scored a hole-in-one from 112—not 140—yards.  Second, only one witness—not two—was

19  present when Ms. Jacobsen did so. (*See* Dkt. No. 12, Ex. 1 at 33-35.) Axis maintains that Servco

20  is therefore not entitled to relief. (Dkt. No. 11 at 13.)

21      An insurance contract is inherently an allocation of risk. The insured, looking to protect

22  herself against a potential risk, pays the insurer for such protection. The sum paid corresponds

23  with the degree of risk assumed by the insurer, as well as the likelihood that the risk will arise.

24      Hole-in-one insurance reflects this principle: the more expensive the prize and the easier

25  the shot, the greater the risk in providing the insurance. Thus, to properly compensate Axis for

26  the risk it assumed, Servco paid a premium "based on the yardage of the hole, number of

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT
PAGE - 4

Attempts, and the Prize Value." (Dkt. No. 17, Ex. 2 at 4.) The Policy included another safeguard for Axis: the limitation that no yardage could be less than 130 yards for men and 110 yards for women. (Dkt. No. 17, Ex. 2 at 3.) The Policy also required Servco to provide an additional witness in the event that Axis was liable for a prize that exceeded $25,000 in value. (Dkt. No. 17, Ex. 2 at 4.)

In other words, Servco and Axis agreed to allocate to Axis the liability for a hole-in-one prize, in exchange for a premium from Servco that addressed the amount of risk Axis assumed. Servco, by way of the Club, then placed the tee block at a closer distance than the premium addressed and provided only one witness where the prize exceeded $25,000. Although these deviations impacted the risk assumed by Axis, they are not inconsistent with the parties' intent in entering this agreement. The Policy was based on a sliding calculation of risk: Axis demanded a premium from Servco that corresponded with various distances and prize values. According to Axis itself, "Servco would have been charged a higher premium to insure a Target Hole with a distance of 112 yards instead of 140 yards." (Dkt. No. 17, Ex. 12 at 6.) And, 112 yards is within the limits of yardage that Axis indicated it would insure. (Dkt. No. 17, Ex. 2 at 3.) Axis also indicated that it would insure a prize valued at $25,000, provided that one witness was present. (Dkt. No. 17, Ex. 2 at 4.) Thus, the Court finds that reformation is appropriate so that the terms of the Policy reflect the intent of the parties to provide protection to Servco for a price that acknowledges the risk Axis assumed. *See Denaxas v. Sandstone Court of Bellevue, L.L.C.*, 63 P.3d 125, 132 (Wash. 2003) ("Reformation is an equitable remedy employed to bring a writing that is materially at variance with the parties' agreement into conformity with that agreement.").

Due to the presence of only witness at the Target Hole, Axis's liability under the Policy shall not exceed $25,000. This amount shall be offset by the value of a premium to insure a Target Hole of 112 yards—the reasonable amount of which shall be determined by the parties—less the premium already paid by Servco.

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT
PAGE - 5

1    **III.    CONCLUSION**

2         Servco is entitled to relief as discussed above. Therefore, Plaintiff's Cross-Motion for

3    Summary Judgment (Dkt. No. 16) is GRANTED and Defendant's Motion for Summary

4    Judgment (Dkt. No. 11) is DENIED. The parties are DIRECTED to determine a reasonable

5    amount of offset and notify the Court as to the amount within sixty days of this order. If a

6    stipulation has not been filed by this date, or if the parties cannot agree on a reasonable amount,

7    the Court shall determine the amount. The Clerk is respectfully DIRECTED to statistically close

8    this case.

9         DATED this 4 day of September 2015.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

John C. Coughenour
UNITED STATES DISTRICT JUDGE